UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MONARCH PARTNERS LLC,                                                   :
                                                                        :
                                      Plaintiff,                        :
                                                                        :                    24-cv-9927 (LJL)
             -v-                                                        :
                                                                        :                    ORDER
GIA WALSH,                                                              :
                                                                        :
                                      Defendant.                        :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2026

LEWIS J. LIMAN, United States District Judge:

As scheduled, the Court held a hearing on Plaintiff's motion for a default judgment in this matter today, February 25, 2026.  This order reflects the Court's oral rulings at that hearing.

Plaintiff Monarch Partners, LLC initiated this case by complaint against Gia Walsh on December 27, 2024.  Dkt. No. 1.  The case concerns Plaintiff's allegations that Walsh has defaulted on "various agreements" promising to invest in "films designated by Monarch."  Dkt. No. 1 ¶¶ 20–23.  Those agreements include (1) an "Investment Agreement," executed by the parties on October 6, 2021, Dkt. No. 1-3, (2) an Acknowledgment of Default of Investment Agreement and Personal Guarantee executed on April 18, 2022 ("Acknowledgment of Default Agreement"), Dkt. No. 1-4, and (3) a Repayment and Personal Guarantee Agreement executed on April 18, 2022 ("Repayment Agreement"), Dkt. No. 1-5.  In that complaint, Plaintiff alleges three different counts.  Count One alleges that the Defendant beached the Acknowledgment of Default Agreement and Repayment Agreement.  Dkt. No. 1 ¶¶ 50–56.  Count Two alleges that Defendant breached the Investment Agreement.  *Id.* ¶¶ 57–62.  Count Three alleges promissory fraud on the basis that Walsh had no intention of repaying the amounts owed.  *Id.* ¶¶ 63–78.

Defendant has not appeared in this action.  On July 27, Plaintiff submitted a motion for default judgment, accompanied by a memorandum of law in support and two declarations.  Dkt. Nos. 27–30.

At the conference held February 25, 2026, Plaintiff represented that it was seeking relief only on Count One alleging breaches of the Acknowledgment of Default Agreement and the Repayment Agreement.  Plaintiff presented no argument with respect to Count Two.  In addition, the Court indicated that it was not likely to find liability based on the allegations on Count Three but would give counsel the opportunity to argue.  The Court further indicated that it would not grant monetary relief in the absence of evidence (as opposed to allegations) supporting the claim to relief.

"The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020); *see JC Hospitality v. Hochberg*, 2025 WL 3124313, at *5 (S.D.N.Y. Nov. 7, 2025).  Therefore, this Court is "required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

A default judgment entered on well-pleaded allegations does not reach the issue of damages, and a plaintiff "must therefore substantiate [her] claim for damages with evidence to

prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), aff'd, 691 F. App'x 8 (2d Cir. 2017) (summary order).  Plaintiff "bears the burden of establishing her entitlement to recovery and thus must substantiate her claim with evidence to prove the extent of damages." *Dunn v. Advanced Credit Recovery Inc.*, 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012), *report and recommendation adopted*, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012); see *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 717 (S.D.N.Y. 2018) (noting that a plaintiff must "substantiate its claim with sufficient evidence to prove its damages with reasonable certainty.").

The Court reserves judgment on the motion for default judgment.  Plaintiff has leave to submit argument in further support of Counts Two and Three of their complaint, and any further evidence as to damages, by March 4, 2026.  Defendant shall have until March 11, 2026 to reply. Plaintiff is required to serve this Order on Defendant and to serve any subsequent submission on Defendant the same day as filing and to file proof of service on the docket.

SO ORDERED.

Dated: February 25, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3